UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH GILBERT and
FREDERICK GILBERT,
    Plaintiffs,
-vs.-                                 **DEMAND FOR JURY TRIAL**

FULTON, FRIEDMAN AND GULLACE, LLP,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiffs, through counsel, Nitzkin and Associates, by Gary Nitzkin state the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

1

3. Fulton, Friedman and Gullace which is, upon information and belief, an Arizona limited liability partnership company that maintains registered offices in Maricopa County ("Fulton").  Fulton is a law firm.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Bay County.
5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. The Plaintiffs are husband and wife.
7. Defendant is attempting to collect a consumer type debt allegedly owed by Mr. Gilbert, to Household Finance in the amount of $5,998.00.
8. Defendant first started calling Plaintiffs on their home phone around January or February 2013 attempting to collect this alleged debt.
9. Defendant has called using telephone phone number 877-205-4778.
10. Mrs. Gilbert is usually the one who answers Defendant's phone calls.
11. Sometime in April 2013 Defendant called Plaintiffs and spoke with Deborah Gilbert, and told her that it "had the papers in the court and were waiting to hear back from the court" implying that the Defendant had already filed a lawsuit against Plaintiff.
12. Defendant, as of April 2013, upon information and belief, had not filed its state court lawsuit against Mr. Gilbert.

13. In another conversation that Defendant had with Mrs. Gilbert around April 2013, Defendant told her that it would garnish her husband's wages and garnish their income tax returns.

14. Defendant did not have any judgment in place at that time that would allow it to take those post judgment actions. These representations by the Defendant were patently untrue.

15. Defendant has continued to threaten the Plaintiffs with garnishments against their assets almost every time that they called her.

16. Sometime in April 2013, Defendant called Mrs. Gilbert and asked her to set up a payment plan and to pay about $200-$300 a month on this alleged debt. In response, Mrs. Gilbert told Defendant that they could not pay that much a month as her makes little and she, herself, is handicapped.

17. Sometime in either late May or early June 2013, Mrs. Gilbert told Defendant's representative, that she has had several surgeries due to her cancer, that had many doctor bills. She could simply not afford to pay $200-$300 a month on this alleged debt. She offered to pay $100.00 a month on this alleged debt and in response, Defendant said, "You would be paying on this the rest of your life." She then said something along the lines of, "Due to your age, you would not be living long enough to pay this debt off."

18. Mrs. Gilbert has stopped answering all of the calls placed by Defendant around June 2013 as she was in tears after hearing the threats numerous times from Defendant. She has a nervous condition that is aggravated and exacerbated by the Defendant's telephone calls and baseless threats.

19. To date, neither Plaintiff received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates the preceding allegations by reference.

21. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

22. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

25. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

26. Plaintiff incorporates the preceding allegations by reference.

27.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

28. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

30. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

31. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

32. Plaintiff incorporates the preceding allegations by reference.

33. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

34. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

35. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

36. Plaintiff has suffered damages as a result of these violations of the MCPA.

37. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.
b. Statutory damages.
c. Treble damages.
d. Statutory costs and attorney fees.

Respectfully submitted,

August 2, 2013
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com